I guess Madison is Peterson v. U.S. v. Peterson and U.S. v. Dorsett Good morning. At the outset, I would like to reserve three minutes for rebuttal, if I can. All right. The issue before the court, I think I need to narrow it just a little bit. I think that the square issue before the court is whether or not a defendant or a court can enter a condition of letter of introduction, one where there was no letter of introduction given and, in fact, the jury failed to return a guilty verdict on the sole offense charged. I think that, in this instance, the district court, the trial court, relied upon the Allison case, and I think that the Allison case is actually in opposite because in Allison, the first element basically says that it requires a conviction on a great offense. At trial, you were asked, if I'm not mistaken, whether you wanted a lesser impunity offense instruction. Correct. You declined such an instruction. That is correct. Now, what effect does that have, if any, on our analysis as to the propriety of the conviction? I think that the mere fact that the defendant refused a lesser impunity instruction, that Does that mean that you're going to put all your eggs in one basket? In one basket. And it was a hit or miss on the single offense charge, which was possession with intent to distribute within a thousand feet of a school. And I think that was a calculated gamble by the defendant. And he did that. And, in fact, when the verdict came back, I myself, for a minute, was perplexed by it. And it took me a minute to say, hey, in my opinion, this is an acquittal. The jury was instructed that you have to find each and every element of the offense charge as set forth in the special verdict form. But, B, to calculate a gamble, then you must have, being a gambler, you must have known that there might have been something else, such as a conviction for a possession, knowing possession of a controlled dangerous substance. But then, you know, I currently recant that from the court case. I think that the jury had to be instructed that if they did not find all the elements of possession with intent in the schoolyard, that the offense charge, that they could then turn to a lesser-included offense. Now, withstanding Rule 31, which says that a conviction can be entered for a lesser-included offense, you say that you absolutely need to have an instruction? Well, according to case law, I think that the cases that we, the normal case would be the case where the jury returns a verdict for the intent it is, in terms of a determined guilty point, finding all the elements of the schoolyard offense. And then, on a challenge by the defendant, you know, if the defendant would then challenge one of the necessary elements, perhaps the substance would be saying that there was insufficient evidence on that element. And then, if the court then agrees, then I think Rule 31c would then apply, saying, well, the court can then now come in and, you know, enter a conviction or remand a case for a conviction of a lesser-included offense. Let me ask you, for the time being, let me ask you one more question. Yes. You don't dispute that all of the elements in knowing an intentional possession of a control-dangerous substance are included in the 1,000-foot charge? No, I don't dispute that. And you don't dispute that the jury found, beyond a reasonable doubt, that the defendant did, in fact, possess a control-dangerous substance? That was the jury's verdict. Okay. But the problem is this. But you say that's not enough? It's not enough. Unless you have an instruction. Unless you have an instruction. And I say that it actually goes to the defendant's constitutional right to assign a jury. The jury was instructed that you have to find each and every element of the offense charge. And the jury, in fact, found that the government failed to prove one of the elements. And we have to assume that, I mean, the thing was that we assumed that the jury followed the court's instruction. And if we assume that, then we assume that when the jury found that on Special Interrogatory No. 2, when they said no, that was, in fact, the jury saying, you know, not guilty. So, I think at this point for the court now to step in and say, well, I'm going to enter a conviction on a less-than-inclusive offense, not giving the jury the instruction, telling the jury that if you don't find each and every—hey, if you don't find element No. 2, you can convict on this less-than-inclusive offense. That wasn't done. But this is a different case. And maybe this is an important issue of law that we don't have much jurisprudence on in our circuit. Maybe this is not the case to make the jurisprudence because the statute that is charged contains within it—the 860 charge specifically contains within it 841. So, to be convicted of 860, you have to be first convicted of 841 plus. It's 841A1 plus 1,000 feet of a school district. Clearly, if the jurors were not convinced of the distance of the relationship to the school—school, not school district—but they found that somebody was possessing with intent to distribute, I'm missing the due process issue. You've been given your right to a jury. Yes. But what—and respectfully, Your Honor, I would say—so, say what Your Honor is saying right now is basically putting yourself into the minds of the jury. The jury was back there. Nobody else was back there. No. They've got a verdict sheet. Absent the verdict sheet, it seems to me you'd be home—well, we wouldn't be here absent the verdict sheet. But given the verdict sheet, we know unanimously that they found possession with intent to distribute. They did not find unanimously within 1,000 feet of the school. Yes. Yes. But, I mean, you know, I would say again, well, for quite a while within the Third Circuit, you know, up until we had, I think it was, McClokin, you know, the court, you know, always said that 860 was a substantive separate offense from 841. And then we got—I think it was Jackson a couple years later when, you know, the court finally answered the question that, in fact, it wasn't lesser-included, that it is a lesser-included offense of 860. But my time is up, and I would be happy to answer— Well, thank you. Okay. So go ahead. You just wanted to answer the question. Because it's ironic because you were asked whether or not you wanted a lesser-included offense. You said no for perfectly valid and understandable reasons. That's a very difficult strategic call, tactical call, that a trial counsel has to make. But you made it. You said no, no lesser-included offense. You're basically doubling down. I'm either going to go for broke or my client's going to walk. And then out of the field, we're hit with it. So you're saying, though, even though you told the judge you did not want a lesser-included offense charge, by the judge feeling the gift of a lesser-included offense charge, as you had asked him to, you were denied your due process rights. That's kind of a catch-22 argument, isn't it? Damned if you do and damned if you don't. Perhaps. Perhaps. But I also say that it actually goes to the defendant's external right for trial by jury. He had this trial by jury. And the jury said, we're going to put you on the charge before. And by the court, no. Entering a conviction on this particular offense, I think his Sixth Amendment right for a jury trial is being infringed upon. If we were to adopt an analysis type analysis, if we were to adopt that type of analysis in this case, which says, basically, that you can convict of a lesser-included offense without jury instruction, if there is no prejudice to the defendant. Now, so the question of prejudice, how – I mean, weren't – you were on notice of a possession, knowing possession, by reason of the indictment. Sure. You knew that. And you were on notice because the question was in the verdict sheet. Yes. Oh, wait. I wasn't. You knew and you were on notice because of the charge itself that you're going to face, because you had to, as Judge McKee just said, you had to prove knowing possession in order to get to the 1,000-foot charge. So you knew all of that. So my question is, how were you in any way prejudiced by the court's entry of a conviction?  Because you knew that all of those charges had to be – Yes, but I also know from past practice with the United States Attorney's Office, whenever they wanted to charge – if they wanted to charge 841 and 860 as two separate offenses, that would be set forth in the indictment. That's going to help us work on an opinion in this case. I understand. I understand. The question is, did you have sufficient notice so that you could prepare it? I mean, in light of Rule 31, it seems to me that you should prepare for both. Yes, yes. Knowing possession as well as possession within 1,000 feet. But insofar as the court is pointing to Allison, I just point out to the court that the first requirement under the Allison test is that the evidence that produced that trial is to support one or more elements of the crime of which the defendant was convicted. And that did not happen in this instance. The defendant was not convicted on a great offense in this instance at all. So there's no conviction. I understand. I mean, if the specific charge was not on the – if it was on the verdict, it's not the conviction. It's the purpose of establishing the element of 861. Yeah, but what I'm saying is that most of the cases that we have throughout the different circuits and whatnot – and I guess on rebuttal and stuff, I'm going to look at the Ninth Circuit court case. On rebuttal, you can tell me if – how were your prejudices what I'm trying to get at. Now, would your strategy have been any different if there had been a charge on the verdict sheet specifically asking for a conviction? Would you have done anything differently in the courtroom? You can think about that. I'll have to think about that. All right, thank you. Thank you. My name is Steve Russell. I'm with the firm of Moore, Dodson & Russell. I represent the appellant, Mr. Trevor Dorsett. I'd like to save two minutes for rebuttal if I could. Your Honors, the sole issue you have asked me to address in oral argument was issue two that we raised in our briefing. And for all those points I don't reach in my oral argument, we do rest on the brief. The issue that you wanted me to talk about was whether the court's jury instruction on aiding and abetting was appropriate in this case. And in analyzing that issue, I think that the court has to look at the context of the case and the evidentiary background. It's critical here. I can tell from the court's questioning, and Mr. Jean-Baptiste, you're familiar with it. What's important to note is the government had two theories in prosecuting Mr. Dorsett. The first and primary theory was that he was substantively guilty of possession with intent to distribute within 1,000 feet of a school zone. Under that theory, the government asserts that Mr. Dorsett came by himself on the car ferry to St. John that morning in a rental car, empty-handed, if you will. And Mr. Peterson walked up to him on the street, and he was shown by a surveillance camera to be walking with Mr. Peterson. And Mr. Peterson brought to that meeting, if you will, this unopened, opaque plastic bag. And as the two of them were walking up the street towards the Sprave School, and clearly within 1,000 feet of it, Mr. Peterson handed that bag, unopened, to Mr. Dorsett for approximately 10 seconds of the video. The government asserts in its briefs, and it certainly argued to the jury below, that that constituted a substantive act of distribution with intent to distribute between Mr. Peterson and Mr. Dorsett. The fallback theory against Mr. Dorsett, says the government, is an aiding and abetting theory. Now, they could do that because of the way that this particular case was alleged in the indictment. The count stated that Mr. Peterson and Mr. Dorsett aided and abetted each other in performing this. So the government's fallback theory was, irrespective of walking up the street together, Mr. Dorsett's rental car was stopped, both of them got out, and here is this same bag that ends up containing packages of cocaine on the back seat. No, Your Honor, you have asked me not to argue that. But what I am suggesting is in analyzing whether the aiding and abetting instruction was appropriate in this case, the court needs to look at it in the evidentiary context. Those are the government's two theories. Now, the defense theory was the same as to both. That is, Mr. Dorsett didn't know what was in the bag and had no idea what Mr. Peterson intended to do with it. That would be a good defense to either of the government's two theories. The third thing, to put this whole thing in context, Your Honors, is that we know that the jury came back and said that whatever Mr. Dorsett did wrong, it wasn't when he was walking up the street. It rejected the government's primary theory. The point of this argument, Your Honors, is that the only way Mr. Dorsett could have been convicted was under an aiding and abetting theory in the case, not as a principle, because they rejected the government's first theory that this occurred within the 1,000 feet of the street. I'm missing the thrust of your argument. All right, that's the only way he can be convicted, but he was. There must be something else. Yes, and that, Your Honor, is the aiding and abetting instruction did not tell— Did not require the jury to find that he knew what specific drugs were included in the package. Not only that. It really did not mention any specific intent at all. It was a pattern instruction. Didn't the judge say that he had to facilitate the underlying offense? Not exactly in those words, but basically that— He said he had to facilitate. The government, first of all, concedes that it was not a specific intent aiding and abetting instruction, and we know from Your Honors' previous rulings in several cases that is required, particularly in a narcotics offense. Now, the government and the trial judge, when we briefed this thing post-trial, indicated that there were three ways that this particular instruction was saved, because the judge did include additional admonishments within the pattern instruction. He told the jury that mere presence of Mr. Dorsett near the offense was not enough to convict. He told them that the defendant must have had an intent and purpose to aid, and he also told them that the defendant must have participated in the offense. But, Your Honors, at no point did the trial judge in his instruction tell them, as we proffered in our instruction, that in order to convict him of aiding and abetting, the jury had to find that my client had specific intent to assist in distributing more than one kilogram of powder cocaine and distribute it within 1,000 feet of the school. What do you mean by specific intent? Are you now referring to Mr. Dorsett's knowledge of the contents of the controlled substance? Absolutely, Your Honor. But didn't we say in Barbosa that mens rea requirement does not extend to the identity of the precise controlled substance in issue? So the jury does not have to find that he knew precisely what was in the package. Your Honor, I think that— You mentioned the word facilitating the commission of an offense, and that's quite broad. The jury does not have to find under Barbosa that he knew what was in the package. But, Your Honor, I think that under your case law, particularly under the Gordon case, that it's quite clear that specific intent needs to be spelled out not only in the substantive offense— and it was, we have no quarrel with the judge's instructions regarding the substantive offense— but it needs to be reiterated within the aiding and abetting instruction. And United States v. Newman, which we briefed, I think both sides briefed, would stand for that proposition, that you can't bootstrap the two of them. I see that my time is up. Thank you, Your Honor. From reading from the Gordon charge, and the judge said there, under the aiding and abetting statute, it is not necessary for the government to show the defendant himself committed the crime with which he is charged. A person who aids and abets another to commit an offense is just as guilty of that offense as if he committed it himself. Isn't that basically what you have here? Number one. Number two, it seems to me what the judge did was take our model jury instructions and plug in some language to fit this specific situation. Is there a way we could find this charge was not sufficient without striking down our model jury charge, which you haven't challenged? Maybe our model jury charge is wrong, and if it is, then we should strike it down. But you're not saying that the model jury charge is incorrect. Well, Your Honor, I am saying that the model jury charge was incorrect, not only as a matter of law, and you have plenary review over that, but also with respect to fitting the facts of the case. The instruction that we tendered mentioned specific intent, mentioned every element of the offense that he had to have knowledge of, of the substantive offense, and reiterated the three precise questions in the Gordon instruction that this court basically approved. But the problem with the Gordon instruction was that the judge said, you've got to find all three of these questions in the affirmative, whereas this court said, no, they have to be in the disjunctive. So the instruction that we tendered to the court, we suggest, correctly stated the law. That is, it bootstrapped, it said specific intent in it, which Gordon required. It quoted Gordon precisely, and it fit the facts of the case. If you will, Your Honors, the instruction that we tendered for aiding and abetting was a theory of defense instruction. Again, Mr. Dorsett's theory was, I didn't know what was in the bag. I had no idea what Mr. Peterson intended to do with it. I was just giving him a lift in the rental car. Well, the jury's instruction, the court's instruction to the jury that you, ladies and gentlemen of the jury, must find beyond a reasonable doubt that the defendant knew that the offense charged, that's the distribution of drugs, was going to be committed or was being committed. The jury must find that the defendant knew of the offense that was being committed. But Barbosa then adds to this that it need not be proven that he knew the specific drugs that were being distributed. But you take issue with this charge. It just seems like this charge covers what is required in terms of a mandrella. Your Honor, I would disagree in two respects. I believe that the jury needed more instruction, particularly in this case where the only viable theory— In plain English, could you give me what more the judge should have said that the judge did not say to the jury? In our proper instruction, we suggested the judge should say that Mr. Dorsett, it needed to be proven beyond a reasonable doubt that he had the specific intent to assist Mr. Peterson with respect to every element of the substantive offense. Now you want to explain to the jury what specific intent means. How would you do that? Your Honor, as I argued to the jury in closing argument, here are the— In order to find Mr. Dorsett guilty of aiding and abetting, you have to prove that he had the specific intent to distribute this crime—this drug of a certain—greater than a certain weight within 1,000 feet of a school zone. So specific intent means the government would have to prove the specific drug involved as well as the weight involved. I think under the aiding and abetting case law of this court, yes, sir, that would be necessary. All right. Thank you, sir. Thank you, Mr. Wilson. Thank you. Mr. Myers? Is it Myers or Mayers? Is it Myers or Mayers? Myers. Okay. Thank you, sir. Good morning. Good morning. My name is Mr. Myers, Jr. I'm an assistant United States attorney here in the District of the Virgin Islands. I will be representing the United States in this matter. There are two issues that the court wanted raised for argument. The first issue dealt with Mr. Peterson, in which Mr. Dorsett also joined, and the second issue, which was just discussed, was whether the court, in using the aiding and abetting instruction, had not specifically informed the jury of the required menstruation. Can I take you up the beaten path a moment, Mr. Myers? Yes. The jury acquitted the defendants. Yes, of age 60. It was an outright acquittal. Of age 60, that's correct. All right. And so I'm thinking, irrespective of the first question put to the jury, the knowing possession and so forth, maybe the jury just didn't like this case. Maybe the jury said, it's not only 1,000 feet, we just don't like this case. We are going to acquit the defendants. And essentially what you have is jury nullification, which the Supreme Court says is okay. When the jury wants to acquit, the jury should be allowed to acquit. And essentially the trial judge overrode the jury's decision. Why don't we have that kind of case? Because the jury did not acquit of all the charges in this particular matter, Your Honor. What the jury said is that they were in possession of illegal substance, and they intended to distribute that illegal substance. They said yes. The jury said that they did not intend to distribute that illegal substance within 1,000 feet of the school. But then, most importantly, if you look at the third interrogatory, the third interrogatory said that they possessed more than 500 grams of an illegal substance with the intent to distribute it. And the jury said yes. So that is not jury nullification in any way, because the answer two out of the three interrogatories is yes, which means that in the government's view, the jury indicated that, yes, they did possess an illegal substance with the intent to distribute it, which is 841. Now, reason being— The government knew that it was running into problems. It must have known at some point that it was running into problems with the 1,000-foot charge. No. To be quite honest, Your Honor, and I was the trial attorney in the lower court, Your Honor. The evidence against both defendants in terms of being within 1,000 feet of the school was very evident. What was the evidence? The evidence was a videotape. There are cameras set up in high-crime areas in St. John, and the videotape actually showed Mr. Peterson and Mr. Dorsett walking next to each other, talking, drinking, and at one time the videotape showed that Mr. Peterson passed the bag to Mr. Dorsett. Now— But how did you establish the distance to the school? The distance in which they passed the bag was within 100 feet of the school. How did you prove that? We proved that through a testimony, and we also proved that through the camera angle. In the camera—one of the camera angles, you can actually see the corner where the school was at. And most importantly— But you see the corner. That doesn't tell you the distance from the corner. It does not tell you the distance. However, there was a monitor, a monitor or a monitor that was used to testify to the intervention, where they passed the bag to the school, but there's nothing behind it. Actually, you measured it with a tape measure? Yeah, we measured it with one of those overall measures. But most importantly, there was testimony from the officer who said that Mr. Dorsett and Mr. Peterson's car were parked right next to the school, literally right next to the school. That's not sort of men's credence to the idea that the jury simply rejected your case. Well, Your Honor, the jury rejected the case in terms of—in terms of—especially when it had to do with within the school, but the jury told, in terms of the actual Case 21, that yes, they did present, and yes, they did present, a photograph of Mr. Dorsett. Now, if they wanted to—if they wanted to nullify or just not believe the evidence, they would have answered no to all the interrogations. But simply answering no to all the interrogations— But they were only given one question for conviction, and that's the one that they conferred on, and that's the one they submitted. They were only given one question in terms of conviction, and that was the 1,000-foot charge. They were only given one? Yeah. Weren't they only given one Grade 60? One question on which they could convict? They were given one question on Grade 60. They were given one question on Grade 60 and two questions on Grade 60. The answer is yes to the question on 841, and the answer is no to the question on 841. You could have asked for a jury instruction as to 841. I hope I did not. Did you? No, I did not. And— There were discussions—there were only discussions during the charging process as to whether or not they should take the jury charge for those questions. I don't believe 841— He didn't want— —counseled by the jury for those questions, right? That's where it comes from. I don't know why they have to do that. However, their argument is that they did not get a jury instruction. Well, you know, the second circuit, the first circuit, two-circuit courts say, without a jury instruction, you can't have this conviction. That's right. Why are they wrong? They're wrong because the elements of 841 are in 851. Now, you mentioned the two circuits. They know that. I have two circuits all in 851. The fifth circuit. I know. That's fine. That's the second part of your argument. The first part is you tell me why the second and the first are wrong. The second and the first are wrong because, especially in this case, there is not a due process violation here. This is because 860 specifically mentions any person who violates Section 841, 801 of the section and then it goes on to deliberate that they can be sentenced to double the time that they were sentenced to 841. Now, this statute itself gives the defendant notice that 841 must be committed in order for that to be affected by a case. So, by the very fact that this statute mentions 841, there has to be no due process violation. I believe, in the public service, that they were considered to be guilty because of a lesser-included offense charge. What about Kieber? The court said, and I find that, frankly, a very bewildering opinion. I find a lot of things bewildering. Supreme Court opinion where they said that there the issue was the conviction of the Major Crimes Act. Supreme Court said that the court had to give a lesser-included offense for the person to be convicted of the minor crime. In Kieber, there are two factual situations. In Kieber, the defendant requested a lesser-included offense. The problem with Kieber is that the act in relation to the conviction of a major crime did not have a lesser-included offense. That's correct. It wasn't listed in the act. However, the court did state that, although it wasn't listed, in the act itself, the fact that the assault, the simple assault, didn't always include a lesser-included offense. In fact, it was requested for the violation of a major crime. Even though the court would have had no jurisdiction, had there only been a simple assault charge. That's bewildering. Supreme Court made a choice. I guess that's why. I'm not supposed to understand. That's why they're on the Supreme Court, I guess. I'm not supposed to understand things like that. To me, it makes no sense whatsoever, but that is the law. But you distinguish it here because this defendant did not request. Okay. What about Schmuck? That's the mail fraud case with the setting back the odometers, where they cite Kieber as still being good law. They refer to Kieber in a footnote in Schmuck. And in Schmuck, they said he was not entitled to a lesser-included offense charge. They didn't measure. They didn't measure. The circuits are quite split on this. You had mentioned before that you had some support of your view. Yes, Your Honor. What is the best approach? You know, you can either go with the instruction is required or it's not required. Let's leave it up to the process and see what happens. What would you suggest is the best case or the best practice? Should the judge, in all cases, instruct the jury as to any lesser-included offenses, or only upon request, or just let it go and see what happens and let the appellate court figure it out? That's what I'm looking for. The appellate court admires and assures the witness. In a perfect world, a lesser-included offense should be given to the jury. However, in this case, the government feels it is not a case that should be taken into consideration in terms of making that broad case. The reason being is because K-16, K-40, K-41, and in mentioning K-41, and having him acknowledge that to defend that, in order to consider K-40, K-41, must be found before the defense. In this case, it's not being taken into consideration. How about the – I asked Mr. John Beck, at least, about the allocations. It allows for a conviction of a lesser-included offense as long as it's in the law. That's correct. Do you have any problem with that? No, I have no problem with the allocations. Of course, I don't want to change the question. Well, that means that in some cases, the judge cannot do that where the defense can choose. That is correct. But there's no prejudice here. You want us to limit it to a situation where the defendant is clearly unnoticed because the statute includes within it another offense which you can show the person was convicted of. In that situation, you're saying no prejudice, no problem, and that's what you have here. But isn't that almost always the case for a lesser-included offense? Not really. I mean, if you look at – No, wait a minute. If it's lesser-included, it means the elements of the lesser are included in the more significant offense. So you're always going to be with a no prejudice. Well, under some circumstances, there may be – Can you give me a lesser-included offense that doesn't have the same element as the more significant offense? I think that would be kind of hard to do. Lesser-included means the elements of the lesser offense are contained within the more significant. That is correct. However, the defendant's case or the defendant's argument is that he did not receive notice of the 841. What the government is going to say is that they say we have 841. It is specifically saying 841, not that any person is violating 841. My comment is directly that you're saying that there's no prejudice. He was unnoticed in the elements of the lesser offense. My comment is that always occurs. Prejudice is something else. Prejudice has to do with trial preparation that might have been different. That's correct, John. However, and that's what the President said, that he prepared to defend 860. What the government is going to say is that because 860 said that he was going to file an 841, he's also attacking, he's also unlawful to defend against 841. That's what the government is going to say. Now, in certain statutes, say murder to the second degree, murder to the second degree, the only thing that would be murder to the second degree and murder to the first degree is the premeditation. Now, he may have been placed on notice that he was defending a murder to the second degree and not having to defend against the premeditation without thinking that there was a premeditation. And he may have based his whole argument about the premeditation. However, the murder to the second degree elements are still a murder to the first degree element. However, they're not placed on notice simply by charging murder to the first degree that they could be convicted of murder to the second degree. What the government is saying here is by charging 860 and saying 860, which means he said that if you violate 841, that one or the other could violate 860. That's totally different than, say, a murder to the first degree. I'm trying to think how you'd word that because of Judge Fuentes' point, but I don't understand what you're saying. I'm just not quite sure how it would be worded. You're saying that when the overall offense, the overarching offense, specifically refers to another offense, which the conviction for which is a predicate to that, but all that seems to me automatically coming into play whenever you have a lasso-included offense. Maybe not. There just may be circumstances down the road where the trial strategy is tailored specifically to meet the more specific offense, and yet you end up being convicted of a lesser offense. So it seems to me that unless you can show prejudice, you've got a problem. But if you can't show that I prepared in a certain way for a trial based on what was charged in the indictment, and I end up with a totally unexpected result, that might be prejudice. Just because there's no prejudice in this case doesn't mean there's no prejudice on it. And also, if this court does find that there's a court-violated rule, a court-violated trial, rightfully convicted, we believe that it's a trial error, and such trial error and error does not exactly respect what the indictment says in terms of the truth, in terms of the burden that it will be on the jury. You think it's a minute or two to the trustee that he didn't invent it? Yes, Your Honor. Now, counsel stated that the government conceded that specific intent. What the government conceded is that the word specific intent or the definition of specific intent was not included in the jury instruction. What the government basically said is that the jury instruction for a problem, the lower court followed the very, very long jury instruction, but I think it was 7.42 in case you didn't know that. And in particular, the instruction does contain specific intent. And also, the statement, in addition to the evidence, that shows that the defendant knew that the offense was being committed or the violence was being committed, but does not also prove, Your Honor, even without the defendant's intent and purpose in engaging or otherwise approaching the judge with that offense, you may not find the prosecution of the offense is being assessed. The line or the phrase with the intent and purpose is aimed at specific intent and specific intent. Specific intent, however, is defined by the statute. It states, for instance, that the purpose corresponds loosely to the common law concept of specific intent, while knowledge corresponds to general intent. This is important, and this is what I would like to talk about. The jury instruction, the phrase intent and purpose, shows intent is specific intent, but the intent does not have the purpose of aiding the other defendant in the litigation. Thank you very much, Mr. Morris. I believe both Mr. Jean-Baptiste and Russell reserve some time. I would like to respond to something that the government did not mention in the question. The government itself made a strategic decision not to request a line of instruction, because the government does not offer it. I believe that the school judge had the oldest account, it's quite that of a line of instruction. So now, as the court has a double-judgely question on this, it's not something that I can agree upon. It's just kind of a problem of time. But what I would offer to the court is perhaps the persuasive authority within an excerpt in case it didn't take place. And I like that case, because I think it's a well-thought-out case. But did it take place because it means you win if you do that? Well, it's not only that, but I think it makes the most sense, because it says that we may not have a direct authority to enter a judgment on a lesser offense if the evidence is insufficient to support a guilty verdict on the greater offense, but sufficient on the lesser offense when the lesser offense is the lesser-included offense, the subset of a greater offense. We have that. And two, the jury was explicitly instructed that it could find the defendant guilty of the lesser-included offense and was properly instructed on the lesser-included offense. The jury not only was not instructed, but the jury was not even instructed that it could consider the lesser offense that a lesser offense was reported. So the jury was never told that. So, in effect, the jury, we don't want to do anything other than to enter a quittal. So to do anything other than enter a quittal in this case is basically saying that we're going to read back into that jury group after the case is all over, and we're going to supplant your verdict with one of our own. And I think that with respect to the different circuits, I think it's not only the Ninth Circuit, but we have the Ninth, the First, the Second. And all of those cases, to be quite honest with you, make more sense than what – well, I won't go there. But I like those cases. And now, Mr. John-Baptiste, can you make sense of the remand cases and the U.S. Supreme Court's decision in Rutledge which says essentially that federal courts can direct the entry of a conviction for a lesser offense when it has vacated a greater offense? But, yeah, but in all those cases, we have our convictions. That's all right. We don't have that there. No, no, no, no, sir. No? No, I don't – no, that's right. I don't think that's what the Rutledge holding stands for. When it vacates or reverses judgment for the greater offense, it can send the case back to the district court and direct it to entry of judgment for the lesser offense. Well, again, that would be in the substance of the appellate court's decision. Well, it may not be a good thing, but the Supreme Court has said that, and borrowing from that jurisprudence, why isn't the same thing here where the district court simply entered a judgment for a lesser offense that was not part of an instruction to the jury? And, you know, I apologize, because I wish I had heard about that case in the past. I didn't, so I apologize. But I think it's a – it's a different angle that we're dealing with here. You know, this is a very different kind of question. I think this specific question, I think, is a different kind of question. Of course, I mean, unless I'm looking at it in an incorrect fashion, but I think that this case is very different because, again, with respect to lesser, the jury – and there was only one offense, a great offense. The jury explicitly was told that they have to find each and every element. I don't have a date to catch up on that. Each and every element beyond the reasonable cause. The jury said no. And, you know, we don't know what their reason was for saying that, saying no to a lesser offense. Well, it said no to the 1,000-foot charge. It said no to one of the elements. I mean, it just so happens that that element is the problem, that, you know, was basically made the great offense. But we do not know what the jury think it was back there. Did you think of the idea of prejudice, any prejudice that might have – I thought about it, and it basically puts me in a catch-22. Do you want some more time to think about it? It puts me in a catch-22 because now I'm going to say that perhaps I would have split it and played it through the instruction, but that doesn't help me. But it was a gamble. It was a defendant gamble, a government gamble, and a government law-abiding gamble. And I think that anything other than a prejudice instance is basically, you know, it gives the control, some benefit under the government. The government gamble and the law. I think that, you know, like I said, when the verdict came back, it took me a minute to grab hold of it. And I don't understand why. It sounds like you're overwhelming. I would have been surprised too. That was the only one. That was the only one. That's why. That was the only one. I didn't read that one. Thank you. Thank you. Good morning again, Your Honor. Briefly two questions from both. I disagree with my learned colleague that he is – Which one? You've got two learned colleagues, one who resembles a prophet and one who resembles just a learned colleague.  Okay. I'd like to read a quick quote out of the United States verse of the Bay and why it is. Excuse me, Your Honor. The trial court's charge makes it clear that Bay's mere presence and knowledge of the crime did not constitute any debate, but on the contrary that its intentional involvement was required. Judged under the plain error standard, the charge was sufficient. Now, I would concede to the court that this particular instruction may have met the plain error standard, but in the context of this case, under the scene that this court should apply now, I don't believe it was sufficient. The Bay court went on to the footnote right after that to explain, this is not to suggest that the instruction on aiding and abetting was flawless. The explanation of the specific intent necessary to support conviction for aiding and abetting, and this is what I've got to say as well, was somewhat circuitous and lacking in the clarity desirable in a jury charge. Submitted to the court the instruction, but the main problem for the court was, again, it was a defense theory instruction as much as an aiding and abetting instruction. It fit the facts better in this case. And I think what it calls a jury. The second point, I'm sorry. I see that I'm out of time. I would like to respond to the judge's question. I would like to hear it. Your Honor asked whether in my position the path of jury instruction needed to be described in this case. I would, again, with respect, say yes, and point out to the court that both a board, this court, radically criticized the path of jury instruction and basically said that it should go out the window. The United States versus Newman, again, with the trial course instruction that was based upon, have it there. This court strongly criticized it. The problem that you have in these other cases, Your Honor, is that they have either come up under the plain error standard or the instruction issue was not raised. It came before the court on the insufficiency of evidence standard. This case is somewhat different. I believe it does give the court the opportunity I would hope it's been looking for to clarify what the proper instruction is for aiding and abetting on a specific offense. Thank you. Thank you very much. Take the matters under advisement and thank counsel for their argument in the matter.